# In the United States Court of Federal Claims

No. 24-1880
(Filed: April 24, 2025)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *
                                *
AARON DANIEL PAVICH,            *
                                *
              Plaintiff,        *
                                *
      v.                        *
                                *
THE UNITED STATES,              *
                                *
              Defendant.        *
                                *
* * * * * * * * * * * * * * * * *
```

*Aaron Daniel Pavich*, *pro se*, of South Bend, IN.

*Laura Offenbacher Aradi*, Trial Attorney, with whom were *Franklin E. White, Jr.*, Assistant Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, and *Brian M. Boyton*, Principal Deputy Assistant Attorney General, Civil Division, Department of Justice, all of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

This case concerns *pro se* Plaintiff, Aaron Pavich, and his request for a diplomatic passport. Plaintiff alleges that, as an ambassador-at-large for a nation called The Amnesty Coalition, his rights have been violated. Specifically, Plaintiff seeks relief from the U.S. Department of State in the amount of $20,000 and through the issuance of a diplomatic passport based on alleged violations of Article 15 of the United Nation's "Universal Code of Human Rights." The government has moved to dismiss Plaintiff's claim under Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction. Plaintiff claims that the Court has jurisdiction based on alleged breach of contract claims, unspecified non-contractual claims, as well as diversity and federal question jurisdiction. For the reasons discussed below, the Court grants the government's motion to dismiss.

## BACKGROUND

In 2024, Plaintiff filed a passport application with the State Department, claiming to be an "ambassador-at-large" for a nation called The Amnesty Coalition, known otherwise as a

"Pickletarian."  *See* ECF No. 1 at 2–3; ECF No. 1-1 at 10; *see also Covenant of an Ambassador*, THE AMNESTY COAL., https://www.theamnestycoalition.org/covenant-of-an-ambassador (last visited Apr. 24, 2025).  Plaintiff states that he applied for a diplomatic passport and asked to waive any associated fees because he is "a noncitizen national due to one or more aspects of 8 USC 1408 applying to [his] life."  ECF No. 1 at 2 (citing 8 U.S.C. § 1408, which enumerates the circumstances under which a U.S. national is not a citizen of the United States at birth); *see also id.* (citing 28 U.S.C. § 3002(15), which defines "United States" for the purpose of federal debt collection procedure, and UCC 9-307(h), which defines the location of the United States for the purpose of locating a debtor in the context of secured transactions).  Plaintiff states that, through his work with The Amnesty Coalition, he is present in the United States on a diplomatic mission, seeking to "have the 14th Amendment corrected as having never been legally ratified, which was the wish of Congress for [the so-called Pickletarians] to handle."  *Id.*

In September 2024, the State Department wrote to Plaintiff, denying his application for a diplomatic passport.  ECF No. 1-1 at 12.  The State Department explained that although it was denying his application, it appeared "from the facts of [Plaintiff's] birth and the documents [he] submitted that [he is] a U.S. citizen and entitled to a U.S. passport."  *Id.*  Soon after that denial, Plaintiff commenced this action against the United States.  ECF No. 1.  Plaintiff's complaint is difficult to decipher; however, it seems that he is claiming that because the State Department denied his application for a diplomatic passport, the United States "violated the Universal Code of Human Rights Article 15."  *Id.* at 2.  It is under "the Universal Code of Human Rights" that Plaintiff seeks relief in the form of $20,000 and a diplomatic passport.  *See* ECF No. 1 at 2, 3.

In response to Plaintiff's complaint, the government moved to dismiss on the basis that this Court lacks jurisdiction to hear Plaintiff's claim under RCFC 12(b)(1), given that Article 15 of the Universal Declaration of Human Rights is not a "money-mandating source[] of law" and thus does not "provide a basis for jurisdiction."  ECF No. 6 at 4.  Plaintiff counters that the Court has jurisdiction over his claims because: diversity jurisdiction exists between Plaintiff and "the parties"; jurisdiction exists under the Tucker Act because Plaintiff "asserts breach of contractual agreement"; of "non contractual claims where[by] [P]laintiff seeks the return [sic] the money paid to the government, or asserts entitlement to payment"; and, the Court "holds exclusive jurisdiction over cases that involve violations of federal laws, which is relevant in this matter" as it involves "the United States Constitution and relevant provisions of the Uniform Commercial Code."  ECF No. 7 at 1–2.

## DISCUSSION

**A.     Legal Standard**

Under RCFC 12(h)(3), the Court is required to dismiss a claim as soon as it determines that it lacks subject matter jurisdiction over the claim.  A motion to dismiss for lack of subject matter jurisdiction may also be raised as a defense under RCFC 12(b)(1), in which case the Court must accept as true all factual allegations made by the non-moving party and view all uncontroverted factual allegations in the light most favorable to that party.  *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993).  Although the Court holds a *pro se* litigant's pleadings

2

to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citations omitted).  Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction.  The Court of Federal Claims is afforded jurisdiction under the Tucker Act to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  Importantly, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ."  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)).  Rather, to state a claim within the Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States."  *Id.*  Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

**B.     Analysis**

Plaintiff alleges that the State Department infringed on rights protected by Article 15 of the United Nation's "Universal Code of Human Rights"—which, like the government, the Court will interpret to mean the Universal Declaration of Human Rights, G.A. Res. 217 (III) A (Dec. 10, 1948) ("declaration")—by denying his application for a diplomatic passport.  ECF No. 1 at 2; *see also* ECF No. 6 at 2 n.1.  However, the Court lacks jurisdiction to hear any claims stemming from any alleged infringement of rights protected by this declaration.  Although the United States is a party to the declaration, the Supreme Court has spoken clearly, stating that "[e]ven when treaties are self-executing in the sense that they create federal law, the background presumption is that '[i]nternational agreements, even those directly benefiting private persons, generally do not create private rights or provide for a private cause of action in domestic courts.'"  *Medellín v. Texas*, 552 U.S. 491, 506 n.3 (2008) (second alteration in original) (quoting 2 RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED STATES § 907, cmt. a (1986)).  With respect to this specific declaration, the Supreme Court has also stated that even though this declaration is binding on "the United States as a matter of international law, the United States ratified the [declaration] on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts." *Sosa v. Alvarez-Machain*, 542 US 692, 735 (2004).  As such, the Court is barred from exercising subject matter jurisdiction over any claims arising from alleged breaches of this declaration.

3

Beyond the declaration, in Plaintiff's complaint, he lists several other provisions of the U.S. Code, none of which contain money-mandating sources of law that permit this Court to exercise jurisdiction over his case. *See, e.g.,* ECF No. 1 at 2 (citing 28 U.S.C. § 3002(15), which defines "United States" for the purpose of federal debt collection procedure; UCC 9-307(h), which defines the location of the "United States" for the purpose of locating a debtor in the context of secured transactions; and 8 U.S.C. § 1408, which enumerates the circumstances under which a U.S. national is not a citizen of the United States at birth). In his response, Plaintiff argues that the Court has jurisdiction over his claims on four different grounds: diversity jurisdiction, breach of contract claims that afford jurisdiction under the Tucker Act, unspecified "non-contractual claims" that also create jurisdiction under the Tucker Act, and violations of federal law. *See* ECF No. 7 at 1–2. There are several issues with Plaintiff's attempts to establish jurisdiction.

First, as the government underscores in its reply, Plaintiff cannot establish subject matter jurisdiction before this Court on the basis of diversity jurisdiction. Diversity jurisdiction is statutorily conferred by 28 U.S.C. § 1332, which reads, "[t]he *district courts* shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,0000, exclusive of interest and costs, and is between (1) citizens of different states . . . ." (emphasis added); *see* ECF No. 8 at 2. Section 1332 simply cannot be read to confer this Court with jurisdiction because, as the Federal Circuit has observed, "[t]he Court of Federal Claims is not a district court of the United States . . . ." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). In other words, although 28 U.S.C. § 1332 "addresses diversity jurisdiction in the district courts, this Court is a National Court, not a district court, and lacks diversity jurisdiction." *Bishop v. United States*, No. 23-784, 2023 WL 3884039, at *1 (Fed. Cl. June 8, 2023) (footnote omitted); *see also Oztimurlenk v. United States*, 162 Fed. Cl. 658, 675 n.23 (2022) (defining National Courts, which have nation-wide jurisdiction, as the Court of Federal Claims, the Court of International Trade, and the Court of Appeals for the Federal Circuit); *Ali v. United States*, No. 19-CV-586, 2019 WL 3412313, at *4 (Fed. Cl. July 29, 2019) ("The presence of a federal question or diversity of citizenship between parties provides a jurisdictional basis for federal district courts, not for this court."). As such, Plaintiff cannot establish jurisdiction under section 1332.

Second, Plaintiff fails to establish jurisdiction for breach of contract under the Tucker Act because he does not allege a valid express or implied contract with the United States. Plaintiff "asserts breach of contractual agreement" with the United States on the vague grounds that his passport application amounts to some kind of contractual agreement. *See* ECF No. 7 at 2. The government counters that a "passport application is not a contract," but rather "[i]t is an application," and as such "[t]here is no contractual claim here." ECF No. 8 at 2. The Court does not have jurisdiction over Plaintiff's claim for breach of contract based on his passport application, just as it did not in *Chattler v. United States*, in which the Federal Circuit flatly rejected the argument that a passport application amounts to either an express or implied contract between the applicant and the United States. 632 F.3d 1324, 1330–32 (Fed. Cir. 2011) (holding that a passport application and a request to expedite a passport application could not be construed as either express or implied contracts); *cf. Clapp v. United States*, No. 23-CV-1507, 2023 WL 8540604, at *4 (Fed. Cl. Dec. 11, 2023) (holding that the government's failure to respond to a

passport application does not give rise to a cause of action under a theory of implied contractual obligation).

Nevertheless, even if a passport application could theoretically give rise to an implied contractual obligation, Plaintiff has failed to allege even a single required element for the Court to find that there is jurisdiction based on a valid contract between a private party and the United States.  *See Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008) ("The requirements for a contract between the United States and a private party are (1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract.").  Simply put, Plaintiff's attempt to allege jurisdiction based on contractual claims do not pass muster.

Third, Plaintiff does not establish jurisdiction based on what he terms "non[-]contractual claims."  ECF No. 7 at 2.  Plaintiff states that under the Tucker Act, he "seeks the return [of] the money paid to the government[] or asserts entitlement to payment."  *Id.*  Plaintiff has not specified either what money he paid the government or what provision of law affords him a right to repayment.  Simply stating that claims arise under the Tucker Act and are non-contractual is insufficient to establish jurisdiction.

Finally, Plaintiff fails to establish jurisdiction by invoking issues of federal law in his complaint and his brief.  Plaintiff argues that this "Court holds exclusive jurisdiction over cases that involve violations of federal laws," including "federal statutes governing contracts, including the United States Constitution and relevant provisions of the Uniform Commercial Code."  ECF No. 7 at 2.  As the government points out, "[l]ike diversity jurisdiction, [f]ederal question jurisdiction is conferred on [f]ederal *district* courts, not this Court."  ECF No. 8 at 3 (emphasis in original).  Although it is true that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 "does not apply to our court, however, and so does not provide the necessary jurisdiction to proceed."  *Embrey v. United States*, No. 19-CV-740, 2020 WL 7312184, at *5 (Fed. Cl. Dec. 11, 2020) (citing *Ali*, 2019 WL 3412313, at *4; *Ledford*, 297 F.3d at 1382).  In short, like diversity jurisdiction, federal question jurisdiction is similarly inapplicable here.

Ultimately Plaintiff does not identify, either in his complaint or in his briefing, any provision of law that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *Mitchell*, 463 U.S. at 216–17 (quoting *Testan*, 424 U.S. at 400), or even a provision that is "reasonably amenable to the reading that it mandates a right of recovery in damages," *White Mountain Apache Tribe*, 537 U.S. at 473.  As such, Plaintiff's claims must be dismissed and the government's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1) granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge
